UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 844 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| GARY AUMANN, et al. | ) | |

**AMENDED MOTION FOR ENTRY OF A PROTECTIVE ORDER RELATING TO THE PROCEEDS FROM THE SALE OF CERTAIN REAL PROPERTY**

The United States of America, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a protective order relating to the proceeds from the sale of certain real property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and in support thereof submits the following:

1. On March 4, 2008, a multi-count indictment was returned charging defendant GARY AUMANN, among others, with mail fraud violations, pursuant to the provisions of Title 18, United States Code, Section 1341, among other violations.

2. The indictment seeks forfeiture to the United States in a forfeiture allegation of real property, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), for all property, real and personal, which constitutes and is derived from proceeds traceable to the charged mail fraud offenses, including but not limited to, approximately $6,086,000, and the following property:

    The real property commonly known as 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

      ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

    Permanent Real Estate Index Number: 014-020-0000-0007062-000; and

3. Defendant GARY AUMANN and his wife, Joan Aumann, are the record owners of the Four Seasons property.

4. To preserve its interest in the real properties, before the indictment was returned against defendant GARY AUMANN, the United States recorded *lis pendens* notices in the Camden County Recorder's Office, Camdenton, Missouri, against the Four Seasons property among other properties held in the name of the defendant and/or his wife under grand jury case number 07 GJ 838 because, the government alleges that these real properties are subject to forfeiture. On May 13 , 2008, defendant GARY AUMANN entered a guilty plea to charged offenses and agreed that any right, title or ownership interest he had in certain property, including the real property that is the subject of this motion, be forfeit to the United States.

5. On or about May 20, 2008, a contract for the sale of residential real estate was executed by defendant GARY AUMANN and his wife, Joan Aumann, whereby the parties consented to the sale of the Four Season Property recognizing the government's claim against the real property. A copy of the contract is attached as Exhibit A. As stated more fully above

and in the charging documents filed in this matter, the Four Season real property is alleged to be subject to forfeiture because the property constitutes and is derived from proceeds generated as a result of the fraud scheme.

6. The United States requests that the Court enter an order allowing the sale of the Four Seasons property to proceed and directing that the proceeds from the sale, after the payment of certain costs, including the mortgage, real estate taxes, transfer costs and the real estate commission, be retained in an escrow account pending further order of this court. The costs must be verified as described below prior to the real estate closing.

7. Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction.

8. Title 21, United States Code, Section 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

9. Accordingly, in order to preserve the availability of funds to be applied in satisfaction of any future judgment issued in this case, the United States requests that this Court enter a protective order relating to the proceeds from the sales of the real properties.

In advance of the closing and no less that forty-eight hours prior to the actual closing on the contract, the government requests that a closing statement be provided for review to verify any deductions from the proceeds. Further, at the time of closing, the United States shall release its *lis pendens* notice filed against the Four Season property and with the net approved proceeds from the sale of the real property being retained in escrow by the United States Marshals Service, pending further order of this Court and the completion of any ancillary proceedings during which pursuant to 21 U.S.C. § 853 all third-party claims will be considered and resolved.

WHEREFORE, the United States respectfully requests that this Court grant its agreed motion and issue a protective order relating to the proceeds from the sale of the real properties commonly known as 538 Kays Point Road, #7, Four Seasons, Missouri, as permitted by 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), or any appropriate relief to preserve the availability of the funds to be applied to a forfeiture judgment in this case. A draft order is submitted herewith.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:    s/Brian Hayes
        BRIAN HAYES
        MARSHA A. McCLELLAN
        Assistant United States Attorneys
        219 South Dearborn Street, Room 500
        Chicago, Illinois 60604
        (312) 353-4307

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 844 |
| v. ) | |
| ) | Judge John W. Darrah |
| GARY AUMANN, et al. ) | |

**PROTECTIVE ORDER RELATING TO THE PROCEEDS
FROM THE SALE OF CERTAIN REAL PROPERTY**

This matter coming before the Court on the government's motion for entry of a protective order relating to the proceeds from the sale of certain real property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a)　On March 4, 2008, a multi-count indictment was returned charging defendant GARY AUMANN, among others, with mail fraud violations, pursuant to the provisions of Title 18, United States Code, Section 1341, among other violations;

(b)　The indictment seeks forfeiture to the United States in a forfeiture allegation of real property, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), for all property, real and personal, which constitutes and is derived from proceeds traceable to the charged mail fraud offenses, including but not limited to, approximately $6,086,000, and the following property:

>The real property commonly known as 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

    ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

    Permanent Real Estate Index Number: 014-020-0000-0007062-000; and

  (c) Defendant GARY AUMANN and his wife, Joan Aumann, are the record owners of the Four Seasons real property;

  (d) On or about May 20, 2008, a contract for the sale of residential real estate was executed by defendant GARY AUMANN and his wife, Joan Aumann, whereby the parties consented to the sale of the Four Seasons Property recognizing the government's claim against the real property. A copy of the contract is attached as Exhibit A to the government's motion. As stated more fully above and in the charging documents filed in this matter, the Four Seasons real property is alleged to be subject to forfeiture because the property constitutes and is derived from proceeds generated as a result of the fraud scheme;

  (e) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction.

  (f) Title 21, United States Code, Section 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this

section -

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(g) Accordingly, in order to preserve the availability of funds to be applied in satisfaction of any future judgment issued in this case, entry of a protective order relating to the proceeds from the sales of the real properties is proper;

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the real property legally described above may be sold pursuant to the terms of the contract and the government's motion for entry of a protective order, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c) is granted. It is further ordered,

2. That, proceeds from the sale, after the payment of certain costs, including the mortgage, real estate taxes, transfer costs and the real estate commission, shall be retained in an escrow account held by the United States Marshal pending further order of this court. In advance of the closing and no less that forty-eight hours prior to the actual closing on the contract, a closing statement shall be provided to the government to verify any proposed deductions from the proceeds. Any objections to the proposed deductions shall be resolved by this Court, if the parties are unable to agree; It is further ordered,

3. That, at the time of closing, the United States shall release its *lis pendens* notice filed against the Four Season property and the net proceeds from the sale of the real property shall be retained in escrow by the United States Marshals Service, pending further order of

this Court and the completion of any ancillary proceedings during which pursuant to 21 U.S.C. § 853 all third-party claims will be considered and resolved; It is further ordered,

    4.    That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the distribution of certain proceeds from the sale of the above-identified real property.

_____
JOHN W. DARRAH
United States District Judge

DATED:_____

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that the following document:

**AMENDED MOTION FOR ENTRY OF A PROTECTIVE ORDER
RELATING TO THE PROCEEDS FROM THE SALE OF
<u>CERTAIN REAL PROPERTY</u>**

was served on **Wednesday, May 21, 2008,** in accordance with FED. R. CRIM. P. 49, FED.R.CIV.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                By:    <u>s/Brian Hayes</u>
                          BRIAN HAYES
                          MARSHA A. McCLELLAN
                          Assistant United States Attorneys
                          219 South Dearborn Street, 5th Floor
                          Chicago, Illinois 60604
                          (312) 353-5300