UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 844 |
| v. ) | |
| ) | Judge John W. Darrah |
| GARY AUMANN, et al. ) | |

**PROTECTIVE ORDER RELATING TO THE PROCEEDS
FROM THE SALE OF CERTAIN REAL PROPERTY**

This matter coming before the Court on the government's motion for entry of a protective order relating to the proceeds from the sale of certain real property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On March 4, 2008, a multi-count indictment was returned charging defendant GARY AUMANN, among others, with mail fraud violations, pursuant to the provisions of Title 18, United States Code, Section 1341, among other violations;

(b) The indictment seeks forfeiture to the United States in a forfeiture allegation of real property, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), for all property, real and personal, which constitutes and is derived from proceeds traceable to the charged mail fraud offenses, including but not limited to, approximately $6,086,000, and the following property:

> The real property commonly known as 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

Permanent Real Estate Index Number:
014-020-0000-0007062-000; and

(c)     Defendant GARY AUMANN and his wife, Joan Aumann, are the record owners of the Four Seasons real property;

(d)     On or about May 20, 2008, a contract for the sale of residential real estate was executed by defendant GARY AUMANN and his wife, Joan Aumann, whereby the parties consented to the sale of the Four Seasons Property recognizing the government's claim against the real property. A copy of the contract is attached as Exhibit A to the government's motion. As stated more fully above and in the charging documents filed in this matter, the Four Seasons real property is alleged to be subject to forfeiture because the property constitutes and is derived from proceeds generated as a result of the fraud scheme;

(e)     Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction.

(f)     Title 21, United States Code, Section 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this

section -

(A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(g) Accordingly, in order to preserve the availability of funds to be applied in satisfaction of any future judgment issued in this case, entry of a protective order relating to the proceeds from the sales of the real properties is proper;

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the real property legally described above may be sold pursuant to the terms of the contract and the government's motion for entry of a protective order, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c) is granted. It is further ordered,

2. That, proceeds from the sale, after the payment of certain costs, including the mortgage, real estate taxes, transfer costs and the real estate commission, shall be retained in an escrow account held by the United States Marshal pending further order of this court. In advance of the closing and no less that forty-eight hours prior to the actual closing on the contract, a closing statement shall be provided to the government to verify any proposed deductions from the proceeds. Any objections to the proposed deductions shall be resolved by this Court, if the parties are unable to agree; It is further ordered,

3. That, at the time of closing, the United States shall release its *lis pendens* notice filed against the Four Season property and the net proceeds from the sale of the real property shall be retained in escrow by the United States Marshals Service, pending further order of

this Court and the completion of any ancillary proceedings during which pursuant to 21 U.S.C. § 853 all third-party claims will be considered and resolved; It is further ordered,

4. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the distribution of certain proceeds from the sale of the above-identified real property.

_____
JOHN W. DARRAH
United States District Judge

DATED: 6-3-08

**CERTIFICATE OF SERVICE**