UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 844-1 |
| | ) | |
| GARY AUMANN | ) | Judge John W. Darrah |

**MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1. On March 4, 2008, an indictment was returned charging defendant GARY AUMANN and others with mail fraud pursuant to the provisions of 18 U.S.C. § 1341, among other violations.

2. The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. On May 13, 2008, pursuant to Fed R. Crim. P. 11, defendant GARY AUMANN entered a voluntary plea of guilty to Count One of the indictment.

4. Pursuant to the terms of his plea agreement, defendant GARY AUMANN agreed that he is liable to the United States for certain property which constitutes proceeds traceable to a violation of 18 U.S.C. § 1341, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. The property subject to forfeiture includes but is not limited to:

(a) Real property located at 409 Hunt Club Drive, St. Charles, Illinois, legally described as:

LOT 23 IN THE HUNT CLUB UNIT 1, BEING A SUBDIVISION OF PART OF THE WEST ½ OF SECTION 26 AND THE EAST ½ OF SECTION 27, ALL IN TOWNSHIP 40 NORTH, RANGE 8, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 22, 1988 AS DOCUMENT 1949388, IN KANE COUNTY, ILLINOIS.

Permanent Real estate Index Number: 09-26-154-008;

(b) Real property located at 465 W. Dominion Drive, Unit #108, Wood Dale, Illinois, legally described as:

PARCEL ONE:

UNIT NO. 108 TOGETHER WITH AN UNDIVIDED .7303 PERCENT IN THE COMMON ELEMENTS APPURTENANT TO SAID UNIT IN DOMINION PLAZA ONE BUILDING NO. 1-A IN THE NORTHWEST 1/4 OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN DUPAGE COUNTY, ILLINOIS, ACCORDING TO THE DECLARATION OF CONDOMINIUM OWNERSHIP AND EASEMENTS, RESTRICTIONS AND COVENANTS AND PLATS OF SURVEY ATTACHED THERETO AS EXHIBIT "D" RECORDED DECEMBER 30, 1974 AS DOCUMENT NUMBER R74-64293 AND A CERTIFICATE OF CORRECTION TO THE PLAT OF THE SURVEY RECORDED JANUARY 10, 1975 AS DOCUMENT NUMBER R75-1280 IN THE OFFICE OF THE RECORDER OF DEEDS OF DUPAGE COUNTY, ILLINOIS.

PARCEL TWO:

PERPETUAL AND EXCLUSIVE EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. 17 AND 18 AS DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

PARCEL THREE:

PERPETUAL AND EXCLUSIVE EASEMENT FOR STORAGE PURPOSES IN AND TO STORAGE GYMCO NO. 104 AS DEFINED AND SET FORTH IN THE SECOND AMENDMENT TO DECLARATION OF CONDOMINIUM OWNERSHIP AND OF EASEMENTS, RESTRICTIONS AND COVENANTS FOR DOMINION FLARR THE

       CONDOMINIUM NO. 1-3 RECORDED MARCH 11, 1977 AS DOCUMENT NO. R77-16776.

       Permanent Real Estate Index Number: 03-21-113-006;

(c)    Real property located at 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

       ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

       Permanent Real Estate Index Number: 014-020-0000-0007062-000;

(d)    Funds totaling approximately $239 seized from Citibank account no. xxxx48152;

(e)    Funds totaling approximately $2349.30 seized from American Airlines Credit Union account no. xxxxx28222;

(f)    Funds totaling approximately $7,909 seized from defendant AUMANN's residence on or about December 18, 2007;

(g)    16 watches, 1 bracelet, and 1 necklace, seized on or about December 18, 2007, seized from defendant AUMANN's residence;

(h)    4 earrings, 1 necklace, and 1 ring seized on December 18, 2007, from Individual LA in Lake Ozark, Missouri;

(i)    1999 model year 35' Cruiser Yacht "Dream On II," VIN# CRSUSW85D999, Registration # MO2484US;

(j)    2003 Yamaha Waverunner, VIN# YAMA2436H203, Registration #MO7579FC;

(k)    2003 Yamaha Waverunner, VIN# YAMA1243I203, Registration #MO7578FC;

(l)    1986 model year, 22' Sea Ray, VIN #SERV1173D686, Registration #MO9614CB;

(m)    2007 Lincoln Zephyr, VIN #3LNHM28T27R630402, Illinois license no.

X700416;

(n)  2006 Lincoln Mark LT Pick-Up truck, VIN# 5LTPW18576FJ16172, Illinois license no. 66369H-B;

(o)  2005 Ford Mustang S281, VIN# 1ZVFT82HX55195065, Illinois license no. 8351155;

(p)  2004 Ford Expedition, Illinois license no. 4701850, VIN# 1FMFU19L94LA96004;

(q)  2004 Mercury Mountaineer, VIN# 4M2DU86W34ZJ45867, Illinois license no. X687454;

(r)  2004 FA78 Tilt Tandem vehicle trailer, Illinois license no. 1930 HZ TA VIN# 4J6TC24284B061084;

(s)  2002 Lincoln Navigator, VIN#5LMFU28R32LJ01735, Illinois license no. 1767742;

(t)  2002 Ford F350 Pick-Up Truck, VIN# 1FTWW333F12ED60913, Illinois license no. 52698M-B;

(u)  2000 Ford Pick-Up Truck, VIN# 2FTZF0735YCB10987, Illinois license no. 27041G-B;

(v)  1996 Jaguar convertible, IL license no. 3940838, VIN# SAJNX2745TC225265;

(w)  1965 Chevrolet Pick-up, Illinois license no. 70 949 E, VIN# C1445N129428;

(x)  1941 Willy's vehicle, VIN# W3544441, Illinois license no. 131517AV;

(y)  1955 Chevy 2-door vehicle, Illinois license number 135991AV, VIN# VC55J117442;

(z)  1933 Ford 2-door coupe, Illinois license number 117 224 AV;

(aa)  1961 Cushman Motorscooter, VIN# 765075605, Illinois license no. 53485av;

(bb)  1996 Harley Davidson Motorcycle, VIN# 1HD1CAP14TY221783, Illinois license no. MCY BG1462; and

(cc)  a judgment for funds in the amount of approximately $5,911,954.

4

5. Defendant GARY AUMANN further agreed to the entry of a forfeiture judgment in the amount of $5,911,954, including the entry of a preliminary order of forfeiture relinquishing any right, title or ownership interest that he has in the aforementioned property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition according to law.

6. Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and to the terms of his plea agreement, the United States seeks forfeiture of all right, title, and interest that defendant GARY AUMANN may have in the foregoing property so that the property may be disposed of according to law.

7. The Federal Bureau of Investigation ("FBI") has commenced administrative forfeiture proceedings against certain property. Defendant GARY AUMANN received notice of the administrative forfeiture proceedings but filed no claims. The property shall be declared forfeit. Any proceeds from the liquidation of the property shall be applied to the outstanding restitution obligation.

8. On June 3, 2008, this Court entered a protective order directing the sale of the Four Seasons property. Consequently, in lieu of forfeiting the real property, the government is seeking forfeiture of the proceeds from that sale in the amount of $176,015.74 as a substitute res for the real property.

9. Upon entry of a preliminary order of forfeiture, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C.§ 2461, it is requested that an order be entered directing the United States Marshal to seize and take custody of the proceeds from the sale of the foregoing property for disposition as the Attorney General may direct.

10. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C.§ 2461, upon entry of the requested order, the United States Marshal Service shall publish notice of this order and of its intent to dispose of the property as the Attorney General may direct. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, including but not limited to: Joan Aumann, through her attorney Paul Krentz, Transtar National Title, National City Bank, SourceOne Mortgage Services Inc., DuPage County State's Attorney, DuPage County Treasurer's Office, Kane County State's Attorney and Kane County Treasurer Office.

11. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts a legal claim in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph eight (8), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury.

12. Following the Court's disposition of all third party interests, the Court shall, if appropriate upon the motion of the United States, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America.

13. Pursuant to 21 U.S.C. § 853(i)(1), as incorporated by 28 U.S.C. § 2461(c), the Attorney General is authorized to:

> grant petitions for mitigation or remission of forfeiture, *restore forfeited property to victims of a violation of this subchapter*, or take any other action

>  to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section [emphasis added].

Accordingly, upon entry of the final order of forfeiture, matters relating to restitution will be submitted to the Attorney General for consideration. The government will request that any funds paid in satisfaction of the forfeiture judgment be credited to reduce the restitution judgment entered by the Court.

14. If any of the funds in the amount of the $5,911,954 money judgment entered against defendant GARY AUMANN as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value, or
>
> e. has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to the defendant up to the value of $5,911,954 pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court.

15. The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant GARY AUMANN and included in any judgment and commitment order entered in this case against him

.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a judgment against defendant GARY AUMANN and further enter a preliminary order of forfeiture as to:

(a)  Real property located at 409 Hunt Club Drive, St. Charles, Illinois, legally described as:
LOT 23 IN THE HUNT CLUB UNIT 1, BEING A SUBDIVISION OF PART OF THE WEST ½ OF SECTION 26 AND THE EAST ½ OF SECTION 27, ALL IN TOWNSHIP 40 NORTH, RANGE 8, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 22, 1988 AS DOCUMENT 1949388, IN KANE COUNTY, ILLINOIS.

Permanent Real estate Index Number: 09-26-154-008;

(b)  Real property located at 465 W. Dominion Drive, Unit #108, Wood Dale, Illinois, legally described as:

PARCEL ONE:

UNIT NO. 108 TOGETHER WITH AN UNDIVIDED .7303 PERCENT IN THE COMMON ELEMENTS APPURTENANT TO SAID UNIT IN DOMINION PLAZA ONE BUILDING NO. 1-A IN THE NORTHWEST 1/4 OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN DUPAGE COUNTY, ILLINOIS, ACCORDING TO THE DECLARATION OF CONDOMINIUM OWNERSHIP AND EASEMENTS, RESTRICTIONS AND COVENANTS AND PLATS OF SURVEY ATTACHED THERETO AS EXHIBIT "D" RECORDED DECEMBER 30, 1974 AS DOCUMENT NUMBER R74-64293 AND A CERTIFICATE OF CORRECTION TO THE PLAT OF THE SURVEY RECORDED JANUARY 10, 1975 AS DOCUMENT NUMBER R75-1280 IN THE OFFICE OF THE RECORDER OF DEEDS OF DUPAGE COUNTY, ILLINOIS.

PARCEL TWO:

PERPETUAL AND EXCLUSIVE EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. 17 AND 18 AS DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

PARCEL THREE:

    PERPETUAL AND EXCLUSIVE EASEMENT FOR STORAGE PURPOSES IN AND TO STORAGE GYMCO NO. 104 AS DEFINED AND SET FORTH IN THE SECOND AMENDMENT TO DECLARATION OF CONDOMINIUM OWNERSHIP AND OF EASEMENTS, RESTRICTIONS AND COVENANTS FOR DOMINION FLARR THE CONDOMINIUM NO. 1-3 RECORDED MARCH 11, 1977 AS DOCUMENT NO. R77-16776.

    Permanent Real Estate Index Number: 03-21-113-006;

(c)     Funds in the amount of $176, 015.74 as a substitute res for the real property located at 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

    ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

    Permanent Real Estate Index Number: 014-020-0000-0007062-000; and

(dd)     a judgment of funds in the amount of approximately $5,911,954

in accordance with the draft preliminary order of forfeiture which is submitted herewith.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By:    /s/ Brian Hayes
    BRIAN HAYES
    Assistant United States Attorney
    219 South Dearborn Street, Room 500
    Chicago, Illinois 60604
    (312) 353-4307

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**MOTION OF THE UNITED STATES FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

was served pursuant to the district court's ECF system as to ECF filers on AUGUST 20, 2008.

 /s/ Brian Hayes
BRIAN HAYES
Assistant United States Attorney
219 South Dearborn Street, Room 500
Chicago, Illinois 60604
(312) 353-4307