AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern   District of   Illinois, Eastern Division

UNITED STATES OF AMERICA
V.
Gary Aumann

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   07 CR 844 - 1

USM Number:   19918 - 424

Terrence P. LeFevour
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   one of the indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. 1341 | Mail Fraud | 8/20/2007 | One |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   any remaining counts   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/21/2008
Date of Imposition of Judgment

Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

8/26/2008
Date

Judgment — Page __2__ of __6__

DEFENDANT: Gary Aumann
CASE NUMBER: 07 CR 844 - 1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

87 months on count one of the indictment.

[X] The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in a alcohol abuse program. That the defendant be placed at the Oxford, Wisconsin BOP facility.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

  [ ] at _____ [ ] a.m. [ ] p.m. on _____ .

  [ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  [X] before 2 p.m. on   9/29/2008   .

  [ ] as notified by the United States Marshal.

  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Gary Aumann
CASE NUMBER: 07 CR 844 - 1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on count one of the indictment. As a further condition of supervised release, any unpaid balance of the restitution amount of $6,865,103.07 shall be paid in installments equal to 10% of the defendant's net monthly income.

The defendant shall participate in a alcohol abuse aftercare program at the direction of the probation office.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Gary Aumann
CASE NUMBER: 07 CR 844 - 1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 6,865,103.07 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Colette O'Dell<br>AA Corporate Security<br>4333 Amon Carter Blvd.<br>MD 5555<br>Fort Worth, Texas 76155<br>(817) 963 - 8104<br>*please reference "Gary Aumann Restitution" on restitution payment checks | | $6,865,103.07 | |

| **TOTALS** | $ 0 | $ 6865103.07 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 5 of 6

DEFENDANT: Gary Aumann
CASE NUMBER: 07 CR 844 - 1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
07 CR 844 - 2, USA v. Donald E. Down, $3,927,165.73,
07 CR 844 - 3, USA v. Thomas Alessi, $1,675,556.26,
07 CR 844 - 4, 5 USA v. Robert Rogers and Robin Rogers Vargo, $1,218.337.00
Payments to be made to Colette O'Dell, AA Corporate Security, 4333 Amon Center Blvd., MD 5555, Ft. Worth, Texas, 76155 (817) 963 - 8104. Please reference "Gary Aumann Restitution" on restitution payment checks.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Gary Aumann
CASE NUMBER: 07 CR 844 - 1

## ADDITIONAL FORFEITED PROPERTY

See attached preliminary order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 844-1 |
| | ) | |
| GARY AUMANN | ) | Judge John W. Darrah |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States Attorney for entry of a preliminary order of forfeiture as to specific funds pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On March 4, 2008, an indictment was returned charging defendant GARY AUMANN and others with mail fraud pursuant to the provisions of 18 U.S.C. § 1341, among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On May 13, 2008, pursuant to Fed R. Crim. P. 11, defendant GARY AUMANN entered a voluntary plea of guilty to Count One of the indictment;

(d) Pursuant to the terms of his plea agreement, defendant GARY AUMANN agreed that he is liable to the United States for certain property which constitutes proceeds traceable to a violation of 18 U.S.C. § 1341, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. The property subject to forfeiture includes but is not limited to:

(1) Real property located at 409 Hunt Club Drive, St. Charles, Illinois, legally described as:

LOT 23 IN THE HUNT CLUB UNIT 1, BEING A SUBDIVISION OF PART OF THE WEST ½ OF SECTION 26 AND THE EAST ½ OF SECTION 27, ALL IN TOWNSHIP 40 NORTH, RANGE 8, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 22, 1988 AS DOCUMENT 1949388, IN KANE COUNTY, ILLINOIS.

Permanent Real estate Index Number: 09-26-154-008;

(2) Real property located at 465 W. Dominion Drive, Unit #108, Wood Dale, Illinois, legally described as:

PARCEL ONE:

UNIT NO. 108 TOGETHER WITH AN UNDIVIDED .7303 PERCENT IN THE COMMON ELEMENTS APPURTENANT TO SAID UNIT IN DOMINION PLAZA ONE BUILDING NO. 1-A IN THE NORTHWEST 1/4 OF SECTION 21, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN DUPAGE COUNTY, ILLINOIS, ACCORDING TO THE DECLARATION OF CONDOMINIUM OWNERSHIP AND EASEMENTS, RESTRICTIONS AND COVENANTS AND PLATS OF SURVEY ATTACHED THERETO AS EXHIBIT "D" RECORDED DECEMBER 30, 1974 AS DOCUMENT NUMBER R74-64293 AND A CERTIFICATE OF CORRECTION TO THE PLAT OF THE SURVEY RECORDED JANUARY 10, 1975 AS DOCUMENT NUMBER R75-1280 IN THE OFFICE OF THE RECORDER OF DEEDS OF DUPAGE COUNTY, ILLINOIS.

PARCEL TWO:

PERPETUAL AND EXCLUSIVE EASEMENT FOR PARKING PURPOSES IN AND TO PARKING SPACE NO. 17 AND 18 AS DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY.

PARCEL THREE:

PERPETUAL AND EXCLUSIVE EASEMENT FOR STORAGE PURPOSES IN AND TO STORAGE GYMCO NO. 104 AS DEFINED AND SET FORTH IN THE SECOND AMENDMENT TO DECLARATION OF CONDOMINIUM OWNERSHIP AND OF EASEMENTS, RESTRICTIONS AND COVENANTS FOR DOMINION FLARR THE

CONDOMINIUM NO. 1-3 RECORDED MARCH 11, 1977 AS DOCUMENT NO. R77-16776.

Permanent Real Estate Index Number: 03-21-113-006;

(3) Real property located at 538 Kays Point Road, #7, Four Seasons, Missouri and legally described as:

ALL OF LOT NO. FIVE HUNDRED THIRTY-EIGHT (538) OF "KAY'S POINT NO. 7" A SUBDIVISION OF RECORD IN CAMDEN COUNTY MISSOURI, ACCORDING TO THE PLAT THEREOF ON FILE AND OF RECORD AT BOOK 14, PAGE 35, CAMDEN COUNTY RECORDER'S OFFICE.

Permanent Real Estate Index Number: 014-020-0000-0007062-000;

(4) Funds totaling approximately $239 seized from Citibank account no. xxxx48152;

(5) Funds totaling approximately $2349.30 seized from American Airlines Credit Union account no. xxxxx28222;

(6) Funds totaling approximately $7,909 seized from defendant AUMANN's residence on or about December 18, 2007;

(7) 16 watches, 1 bracelet, and 1 necklace, seized on or about December 18, 2007, seized from defendant AUMANN's residence;

(8) 4 earrings, 1 necklace, and 1 ring seized on December 18, 2007, from Individual LA in Lake Ozark, Missouri;

(9) 1999 model year 35' Cruiser Yacht "Dream On II," VIN# CRSUSW85D999, Registration # MO2484US;

(10) 2003 Yamaha Waverunner, VIN# YAMA2436H203, Registration #MO7579FC;

(11) 2003 Yamaha Waverunner, VIN# YAMA1243I203, Registration #MO7578FC;

(12) 1986 model year, 22' Sea Ray, VIN #SERV1173D686, Registration #MO9614CB;

3

(13) 2007 Lincoln Zephyr, VIN #3LNHM28T27R630402, Illinois license no. X700416;

(14) 2006 Lincoln Mark LT Pick-Up truck, VIN# 5LTPW18576FJ16172, Illinois license no. 66369H-B;

(15) 2005 Ford Mustang S281, VIN# 1ZVFT82HX55195065, Illinois license no. 8351155;

(16) 2004 Ford Expedition, Illinois license no. 4701850, VIN# 1FMFU19L94LA96004;

(17) 2004 Mercury Mountaineer, VIN# 4M2DU86W34ZJ45867, Illinois license no. X687454;

(18) 2004 FA78 Tilt Tandem vehicle trailer, Illinois license no. 1930 HZ TA VIN# 4J6TC24284B061084;

(19) 2002 Lincoln Navigator, VIN#5LMFU28R32LJ01735, Illinois license no. 1767742;

(20) 2002 Ford F350 Pick-Up Truck, VIN# 1FTWW333F12ED60913, Illinois license no. 52698M-B;

(21) 2000 Ford Pick-Up Truck, VIN# 2FTZF0735YCB10987, Illinois license no. 27041G-B;

(22) 1996 Jaguar convertible, IL license no. 3940838, VIN# SAJNX2745TC225265;

(23) 1965 Chevrolet Pick-up, Illinois license no. 70 949 E, VIN# C1445N129428;

(24) 1941 Willy's vehicle, VIN# W3544441, Illinois license no. 131517AV;

(25) 1955 Chevy 2-door vehicle, Illinois license number 135991AV, VIN# VC55J117442;

(26) 1933 Ford 2-door coupe, Illinois license number 117 224 AV;

(27) 1961 Cushman Motorscooter, VIN# 765075605, Illinois license no. 53485av;

(28) 1996 Harley Davidson Motorcycle, VIN# 1HD1CAP14TY221783, Illinois license no. MCY BG1462; and

        (29)    a judgment of funds in the amount of approximately $5,911,954.

(e)    Defendant GARY AUMANN further agreed to the entry of a forfeiture judgment in the amount of $5,911,954, including the entry of a preliminary order of forfeiture relinquishing any right, title or ownership interest that he has in the aforementioned property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition according to law;

(f)    Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and to the terms of his plea agreement, the United States seeks forfeiture of all right, title, and interest that defendant GARY AUMANN may have in the foregoing property so that the property may be disposed of according to law;

(e)    The Federal Bureau of Investigation ("FBI") has commenced administrative forfeiture proceedings against certain property. Defendant GARY AUMANN received notice of the administrative forfeiture proceedings but filed no claims. The property shall be declared forfeit. Any proceeds from the liquidation of the property shall be applied to the outstanding restitution obligation;

(f)    The United States requests that this Court enter a preliminary order of forfeiture, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiting all right, title and interest defendant GARY AUMANN has in the foregoing property, for disposition according to law;

(g)    If any of the funds in the amount of the $5,911,954 money judgment entered against defendant GARY AUMANN as a result of any act or omission of the defendant:

        1.    cannot be located upon the exercise of due diligence;

        2.    has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value, or

5. has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to the defendant up to the value of $5,911,954 pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court;

(h) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant GARY AUMANN and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, a judgment is entered against defendant GARY AUMANN in the amount of $5,911,954;

2. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant GARY AUMANN in the amount of $5,911,954 and the aforementioned property is hereby forfeit to the United States of America for disposition according to law;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), upon entry of the requested order, the United States Marshal shall publish notice of this order and of its intent to dispose of the property as the Attorney General may direct. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the

property that is the subject of the preliminary order of forfeiture, including but not limited to: Joan Aumann, through her attorney Paul Krentz, Transtar National Title, National City Bank, SourceOne Mortgage Services Inc., DuPage County State's Attorney, DuPage County Treasurer's Office and Kane County State's Attorney, Kane County Treasurer Office;

4. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts a legal claim in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

5. Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant GARY AUMANN and shall be made part of any judgment and commitment order entered in this case against him;

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOHN W. DARRAH
United States District Judge

DATED: 8-21-08

7